# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEANNA R. COCKFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-623-G |
| | ) |
| TOWN OF VALLEY BROOK et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On July 10, 2019, Plaintiff Keanna R. Cockfield filed this lawsuit against two Defendants: (1) Town of Valley Brook and (2) Chad Scroggins. On that same date, summonses were issued by the Clerk of Court. Returns of service were filed on September 4, 2019, stating the summonses were executed one day prior. The summonses directed Defendants to answer or respond to the complaint within 21 days of service. As of this date, however, no answer or entry of appearance has been filed by Defendant Scroggins. Nor has Plaintiff moved for entry of default.

Defendant Town of Valley Brook has filed a Notice (Doc. No. 10) indicating that the service upon Defendant Scroggins was not properly completed. Plaintiff's 90-day deadline to effect service upon this Defendant expired on October 8, 2019. *See* Fed. R. Civ. P. 4(m).

In light of the above, the Court on October 30, 2019, directed Plaintiff to show cause in writing, within 14 days, why her claims against Defendant Scroggins should not be

dismissed. *See* Doc. No. 14. As of this date, Plaintiff has offered no additional information to the Court regarding any attempt to serve Defendant Scroggins.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Although Plaintiff is a pro se litigant, she is required to comply with the same rules of procedure governing other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that pro se plaintiff was "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiff's failure to complete proper service upon Defendant Scroggins within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon Defendant Scroggins, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m). Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must

consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no request for additional time. Defendant Scroggins is not a federal officer, and there is no apparent confusion or delay justifying an extension, as Plaintiff successfully served the other defendant in this lawsuit. Further, assuming Plaintiff's statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of Plaintiff's claims against Defendant Scroggins. Oklahoma's "savings statute" likely would save the claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff likely would be able to refile her claims against Defendant Scroggins within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result

in dismissal and has been afforded an opportunity to justify her failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

## CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims against Defendant Chad Scroggins for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 3rd day of January, 2020.

_____
CHARLES B. GOODWIN
United States District Judge